UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA BRYANT, | ) | Case No.: 1:19 CV 2048 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| ROBERT L. WILKIE, SECRETARY | ) | MEMORANDUM OF OPINION |
| U.S. DEPT. OF VETERANS AFFAIRS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Regina Bryant filed this action under Title VII, 42 U.S.C. § 2000e against

United States Department of Veterans Affairs Secretary Robert L. Wilkie. In the Complaint,

Plaintiff asserts that she has a learning difference and has been harassed by her supervisor in the

sterile processing department of the Veterans Administration ("VA") Hospital in Cleveland, Ohio.

She asserts claims for hostile work environment and harassment. She seeks monetary damages.

Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). That Motion is granted.

**Background**

Plaintiff is employed by the VA Hospital in Cleveland, Ohio as a sterile processing

technician. She indicates she has a learning difference but does not explain or identify what kind

of learning difference she has. She alleges she has been harassed by the lead technician in her

department, Ms. Deal. She claims if she makes a mistake, Deal loudly reprimands her while treating

others in the department with more respect when they commit errors. Plaintiff alleges Deal treats her more harshly, using phrases like "I don't understand why you can't get this done" or "how is it that everyone in here knows how to package that but you...we do this every day." (Doc. No. 1 at 7). She contends Deal singled her our for taking a 1:00 p.m. lunch break which Plaintiff had been granted by upper management.

Plaintiff alleges Deal harassed her over the location and volume of the radio/CD player. Plaintiff indicates she has difficulty maintaining concentration. Deal moved the radio/CD player from its original location to Plaintiff's work area. Plaintiff moved it back only to have Deal move it back to her work area. This process continued for over a month. Plaintiff indicates the volume of the radio was constantly increased when she was away from her work station causing her to turn the volume down when she returned. She states she returned from sick leave on February 1, 2016 and discovered the radio/CD player was missing. She contends her co-workers blamed her for its disappearance.

Plaintiff alleges persons in her department committed acts of sabotage against her. In March 2016 on the day of an inspection, indicator strips that are not supposed to leave the sterile room were found in her desk. She claims they were not there the night before when she left work. She claims Deal did not prepare the correct number of labels for the dental trays Plaintiff was responsible for wrapping. She indicates that in March 2016, she found a dark strand of hair on her laparoscopic tray after returning from a break. She states the hair was not there when she left for break. She indicates her prescription eyeglasses were stolen from her desk in April 2017. She states that same day, the sterrad instructions disappeared from the sterrad room on the day she was assigned to work there.

2

Plaintiff claims Deal and her coworkers created a hostile work environment by their harassment. She asserts claims under Title VII and seeks compensatory and punitive damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

3

Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). In this case, Plaintiff alleges she has a learning disability and her coworkers and supervisor harassed her. Title VII does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, No. 05-3186, 2006 WL 1133577 at *2 (6th Cir. Apr. 27, 2006).

While the Americans with Disabilities Act ("ADA") does cover claims for discrimination on the basis of disability, it is not a general civility code for the American workplace. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046-47 (6th Cir. 2014). The ADA prohibits employers from discriminating against a qualified individual with a disability because of his or her disability in employment matters,

such as hiring, advancement, and discharge. *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012). A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). Both "disability" and "qualified individual" require further definition. Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include, among others, "walking," "lifting," and "bending." 42 U.S.C. § 12102(2)(A). An individual is "otherwise qualified" for a position when that individual "can perform the essential functions[,]" or "fundamental job duties" of the position. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 985 (6th Cir. 2011).

The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Plaintiff must still meet basic pleading requirements by providing "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint never rises above the speculative level. She states only that she has a learning difference. She does not provide any information as to what type of learning difference she has, whether this substantially limits one or more major life activities, or how her learning difference was a motivating factor in the treatment she received from her employer. Allegations of unprofessional conduct in the workplace, without any facts connecting that conduct to Plaintiff's alleged disability are not enough to state a claim under the ADA.

## Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and

this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED**.**


> /S/ SOLOMON OLIVER, JR.
> SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

Januray 22, 2020

---

[1]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.